UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

KOU LEE,

    Plaintiff,

v.                                                  Case No. 22-C-1298

JUDGE BRYAN D. KEBERLEIN,
COMMISSIONER LISA M. KRUEGER,
CSA ATTORNEY KIRSTEN NAVARRETTE,
CSA ATTORNEY TIARA BADIE,
CHILD SUPPORT ATTORNEY SALLY PAUL,
CHILD SUPPORT AGENCY, and
ATTORNEY AMBER GRATZ,

    Defendants.

## SCREENING ORDER

On November 3, 2022, Plaintiff Kou Lee filed this action against Defendants Judge Bryan Keberlein; Family Court Commissioner Lisa M. Krueger; Child Support Attorneys Kirsten Navarrette, Tiara Badie, and Sally Paul; the Child Support Agency; and Attorney Amber Gratz. He has also filed a motion for leave to proceed without prepayment of the filing fee. The court is authorized to screen a complaint, regardless of a plaintiff's fee status, to "save everyone time and legal expense." *See Hoskins v. Polestra*, 320 F.3d 761, 763 (7th Cir. 2003). In screening a complaint, the court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); Fed. R. Civ. P. 8.

Plaintiff argues that federal law regarding veterans' benefits preempts state law allowing benefits to be counted as income in calculating child support payments. He asserts that the

defendants have improperly maintained that state law authorizes them to control the distribution of his VA benefits for child support payments. Plaintiff seeks to hold the defendants liable for their "deliberate violation of federal preemption." Dkt. No. 1 at 8.

The court concludes that it does not have subject matter jurisdiction over this action. After reviewing the complaint, the court finds that Plaintiff's complaint must be dismissed under the Rooker-Feldman doctrine. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983). "An action in federal court that alleges an injury 'inextricably intertwined' with a state court decision, such that success in the federal court would require overturning the state court decision, is barred by the Rooker-Feldman doctrine." *Epps v. Creditnet, Inc.*, 320 F.3d 756, 759 (7th Cir. 2003). District courts do not have the power to exercise appellate review over state court decisions. *Garry v. Geils*, 82 F.3d 1362, 1365 (7th Cir. 1996). Instead, Plaintiff must appeal the state proceedings through the Wisconsin state courts. Accordingly, Plaintiff's complaint must be dismissed for lack of subject matter jurisdiction.

For these reasons, this action is dismissed for lack of subject matter jurisdiction. Plaintiff's motion for leave to proceed without prepayment of the filing fee (Dkt. No. 2) is **DENIED**. The Clerk is directed to enter judgment accordingly.

**SO ORDERED** at Green Bay, Wisconsin this 8th day of November, 2022.

s/ William C. Griesbach
William C. Griesbach
United States District Judge
